**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KNIGHTS ARMAMENT COMPANY,                CASE NO: 6:07-cv-1323-Orl-22KRS
a Florida sole proprietorship,

        Plaintiff,

v.

OPTICAL SYSTEMS TECHNOLOGY, INC.,
a Pennsylvania corporation,
OMNITECH PARTNERS, INC.,
a Pennsylvania corporation,
KEYSTONE APPLIED TECHNOLOGIES, INC.,
a Pennsylvania corporation,
PAUL F. MAXIN,
& JOHN DOES 1-50,

        Defendants,
_____/
OPTICAL SYSTEMS TECHNOLOGY, INC.,
a Pennsylvania corporation,

        Counterclaimant,

v.

KNIGHTS ARMAMENT COMPANY,
a Florida sole proprietorship,
C. REED KNIGHT, JR., and
BRIAN STEINBERGER,

        Counter-Defendants.
_____/

**COUNTER-DEFENDANTS KNIGHTS ARMAMENT COMPANY AND**
**C. REED KNIGHT, JR.'S MOTION TO DISMISS COUNTERCLAIM**

      COME NOW Plaintiff/Counter-Defendant KNIGHTS ARMAMENT COMPANY,

("KAC") and Counter-Defendant C. REED KNIGHT, JR. ("Knight") by and through

their undersigned counsel, and hereby moves to dismiss the Counterclaim asserted by

Defendant/Counter-Plaintiff OPTICAL SYSTEMS TECHNOLOGY, INC. ("OSTI"), and as grounds therefore would state as follows:

1. On December 21, 2007, OSTI filed a Counterclaim (Doc. 7) against Plaintiff/Counter-Defendant KAC, Counter-Defendant Knight, and Counter-Defendant Brian Steinberger ("Steinberger").[1]

2. Because of pleading infirmities prohibited by Eleventh Circuit and Middle District of Florida precedent, the Counterclaim asserted by OSTI against KAC and Knight must be dismissed.

## MEMORANDUM OF LAW

**I. OSTI's Counterclaim is a shotgun pleading and must be dismissed.**

**A. Shotgun pleadings are highly disfavored in Eleventh Circuit.**

Federal district courts have the power and the duty to define the issues of a case at the earliest stages of litigation. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998). The Eleventh Circuit has "frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand and whittle cases down to the few triable claims…" *Chapman v. AI Transport,* 229 F.3d 1012, 1027 (11th Cir. 2000).

A defendant, depending on its financial resources, can "extort" a settlement by using shotgun pleadings to water down a plaintiff's meritorious claim. *Byrne v. Nezhat,* 261 F.3d 1075, 1128-34 (11th Cir. 2001). Shotgun pleadings, if tolerated, cause needless cost to the litigants and wreak havoc on the court by impeding its ability to administer justice and, in a very real sense, amounts to obstruction of justice. *Id.* Furthermore, the

---

[1] Counter-Defendant Steinberger has retained separate legal counsel to address the counterclaim counts brought against him individually and his counsel will be filing a separate Motion to Dismiss on his behalf.

2

Eleventh Circuit has recognized that lawyers being compensated by the hour have little incentive to curb the use of shotgun pleadings. *Id.* at FN103. *See also* FN104-109.

### B. A pleader's unfettered incorporation of all previous allegations in successive counts in a pleading is a shotgun pleading.

When pleading a claim or counterclaim, a party <u>may not</u> incorporate all allegations of each count in every successive count. *Whitney Information Network, Inc., v. Gagnon,* 353 F.Supp.2d 1208, 1211 (M.D. Fla. 2005) <u>citing</u> *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001); *Cramer v. State of Florida,* 117 F.3d 1258, 1263 (11th Cir. 1997). In *Whitney,* this Court examined a counterclaim filed by a defendant in which each separate count incorporated all of the previous counts and all paragraphs in the answer and affirmative defenses as well. As such, this Court summarily dismissed the entirety of the counterclaim and properly characterized it as a shotgun pleading. *Id.* at 1211; <u>see also</u> *Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems U.S.A., Inc.*, 2005 WL 975773 *4 (S.D. Fla. 2005)(counterclaim improperly incorporated all paragraphs of prior counts resulting in "hodgepodge" of allegations rendering impossible the task of sorting out the various claims); and *Matthews v. Village Center Community Development District*, 2006 WL 334213 *3 (M.D. Fla. 2006)(pleading dismissed where each count incorporated all paragraphs from all previous counts thereby violating <u>Fed.R.Civ.P.</u> 8 requirement of short and plain statement of claims).

### II. Analysis.

In the present case, Defendant/Counter-Plaintiff OSTI has filed a counterclaim which, since it is structured in a manner similar to the defective pleadings in *Whitney*, *Merrill Lynch*, and *Matthews*, must be considered as an impermissible shotgun pleading

3

as defined by the Eleventh Circuit and Middle District of Florida precedent set forth in the previous section.

In the counterclaim, OSTI alleged <u>on ten occasions</u>: "OSTI incorporates each and every averment made in the above and preceding paragraphs as though fully set forth herein." *See* OSTI counterclaim at (Doc. 7), paras. 37, 43, 48, 53, 58, 63, 67, 72, 75, and 79. For instance, OSTI's Ninth Cause of Action for Business Disparagement at paragraph 75 of its counterclaim expressly incorporated the "preceding paragraphs" of all eight of the previous counts plus Sections I-III of the counterclaim. Next, there is a Section V entitled "Damages" beginning at paragraph 79 which also incorporates the allegations of all nine of the separate counts with no indication of which request for damages relates to which specific count(s). Section VI entitled "Relief Requested", although it does not contain the objectionable incorporation language, is nevertheless deficient since it requests specific categories of relief without clarifying which count(s) support which specific category of relief (i.e., punitive damages).

**III.    Conclusion.**

The form and structure of OSTI's counterclaim is not permitted in the Eleventh Circuit or Middle District of Florida. As a matter of law, the counterclaim is a duplicitous shotgun pleading which must be dismissed in its entirety.

**WHEREFORE**, KAC and Knight respectfully request that the Court dismiss Defendant/Counter-Plaintiff OSTI's Counterclaim (Doc. 7) and grant such other and further relief that is necessary and just under the circumstances.

DATED this 8th day of February 2008.

HOLLIFIELD LEGAL CENTRE
By:
**s/ Travis R. Hollifield**
_____
Travis R. Hollifield – Trial Counsel
Florida Bar No.: 0094420
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591
Email: trh@trhlaw.com
ATTORNEY FOR PLAINTIFF KAC and
COUNTER-DEFENDANTS KAC and KNIGHT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 8, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By:
**/s/ Travis R. Hollifield**
_____
Travis R. Hollifield
Hollifield Legal Centre
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591
Email: trh@trhlaw.com
ATTORNEY FOR PLAINTIFF KAC and
COUNTER-DEFENDANTS KAC and KNIGHT