**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KNIGHTS ARMAMENT COMPANY,**

       **Plaintiff,**

**-vs-**                                  **Case No.  6:07-cv-1323-Orl-22KRS**

**OPTICAL SYSTEMS TECHNOLOGY, INC.; OMNITECH PARTNERS, INC.; KEYSTONE APPLIED TECHNOLOGIES, INC.; PAUL F. MAXIN; and JOHN DOES 1-50,**

       **Defendants.**

_____

**OPTICAL SYSTEMS TECHNOLOGY, INC.,**

       **Counter-claimant/Third Party Plaintiff,**

**v.**

**KNIGHTS ARMAMENT COMPANY,**

       **Counterclaim Defendant,**

**C. REED KNIGHT, JR.,**

       **Third Party Defendant.**

_____

## ORDER

This cause comes before the Court on Defendant Optical Systems Technology, Inc.'s ("Defendant") Appeal of the Magistrate Judge's Order Regarding Plaintiff's First Motion to Compel (Doc. No. 56), filed on December 4, 2008, and Plaintiff Knights Armament

Company's ("Plaintiff") Response and Opposition to Defendant's Appeal and Request for Award of Reasonable Attorney's Fees and Costs (Doc. No. 59), filed on December 11, 2008. On November 20, 2008, Magistrate Judge Karla R. Spaulding granted in part and denied in part Plaintiff's First Motion to Compel Discovery and Disclosure (Doc. No. 45), filed on October 13, 2008.[1]  (Doc. No. 53.)  Defendant appeals only the part of Judge Spaulding's order requiring it to pay Plaintiff $1,000.00 as compensation for the expenses Plaintiff incurred filing its Motion to Compel.  (Doc. No. 56 p. 1.)

**Standard of Review**

The Court may reconsider any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

**Analysis**

Judge Spaulding awarded Plaintiff a portion of its attorneys' fees under Fed. R. Civ. P. 37(a)(5)(C), which states that when a motion to compel is "granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  (*See* Doc. No. 53 pp. 12-13.)  Judge Spaulding levied this

---

[1] Judge Spaulding granted the motion to the extent that she ordered Defendant to serve unredacted sales information to Plaintiff and sworn supplemental responses to Plaintiff's interrogatories, including an answer specifying with reasonable particularity the trade secrets it contends were misappropriated by Plaintiff. (Doc. No. 53 p. 6-10.) She denied the motion to the extent that Plaintiff sought disclosure of documents Defendant asserted were protected by privilege, instead ordering the parties to confer in person or by telephone to attempt to resolve the dispute in good faith. (*Id.* at 12.)

sanction because Plaintiff received the relief it sought (except regarding the privilege issue that she deferred) and for reasons discussed throughout her order.[2]  (*Id.* at 13.)

Defendant asserts several arguments as to why this Court should reverse Judge Spaulding's sanction.  First, Defendant asserts that Judge Spaulding's sanction is not authorized under Rule 37(a)(5)(A) because Defendant's opposition to Plaintiff's motion to compel was substantially justified.[3]  (Doc. No. 56 pp. 3-7.)  Second, Defendant asserts that in awarding Plaintiff a portion of its expenses, Judge Spaulding ignored her finding that Plaintiff failed to meet and confer according to Local Rule 3.01(g).  (*Id.* at 5-7.)  Finally, Defendant argues that it was not required to respond to Plaintiff's request for attorneys' fees because Plaintiff merely included the request in its prayer for relief, and did not advance any argument for attorneys' fees.  (*Id.* at 7.)

In its response, Plaintiff asserts that Judge Spaulding properly exercised her discretion under Rule 37(a)(5)(C).  (Doc. No. 59 p. 6.)  Plaintiff asserts that Defendant's reliance on Rule 37(a)(5)(A) is misplaced, as that provision only applies when a motion to

---

[2] Judge Spaulding discussed several potential bases for sanctions throughout her order.  For example, she repeatedly noted that the parties had negotiated a detailed confidentiality agreement designed to safeguard sensitive information, which undermined Defendant's argument that it would suffer injury if it provided unredacted sales information or if it stated with reasonable particularity which trade secrets it alleges were misappropriated.  Regarding the trade secret issue, she noted that Defendant "chose to bring a claim for misappropriation of trade secrets, [therefore] it must identify the trade secrets it contends were wrongfully appropriated."  (Doc. No. 53 p. 8.)

[3] Rule 37(a)(5)(A) provides that when a motion compelling disclosure or discovery is granted, a court must assess the reasonable expenses incurred by the movant against the party or attorney whose conduct necessitated the motion.  The Rule further provides, however, that a court must not order this payment if the movant did not attempt to resolve the dispute in good faith, the opposing party's nondisclosure or objection was substantially justified, or other circumstances make such an award unjust.  Fed. R. Civ. P. 37(a)(5)(A).

compel is granted, not when it is granted in part and denied in part. (*Id.*)  Finally, Plaintiff requests reasonable attorneys' fees and costs related to its response to Defendant's appeal of the magistrate's order. (*Id.* at 9.)

The Court affirms Judge Spaulding's award of attorneys' fees to Plaintiff.  Plaintiff indicated in its prayer for relief that it sought reasonable attorneys' fees "for being forced to seek redress by and through this Motion." (Doc. No. 45 p. 17.)  Accordingly, Defendant was on notice that Plaintiff sought reasonable attorneys' fees and had an opportunity to be heard when it responded to Plaintiff's Motion to Compel. (*See* Doc. No. 47.)  In addition, the provisions of Rule 37(a)(5)(A) on which Defendant relies are inapplicable to this case.[4]  Judge Spaulding properly based her award on Rule 37(a)(5)(C) because she granted in part and denied in part Plaintiff's Motion to Compel.  Thus, Judge Spaulding's sanction was discretionary and will be reversed only if it was clearly erroneous or contrary to law.

Although Judge Spaulding chose to excuse Plaintiff's failure to comply with Local Rule 3.01(g), she did not abuse her discretion when she awarded sanctions under Rule 37(a)(5)(C).  Before a party files a motion in a civil case, Local Rule 3.01(g) requires the moving party to confer with the opposing party in a good faith effort to resolve issues raised by the motion. Section II(A) of the Case Management and Scheduling Order defines the term "confer" as "a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums

---

[4] The provisions of Rule 37(a)(5)(A) apply only when the motion is granted or the nonmoving party provides disclosure or discovery after the motion is filed.

by fax or letter." (Doc. No. 29 pp. 4-5.) Finally, the Scheduling Order specifies that counsel "who merely 'attempt' to confer have not 'conferred.'" (*Id.* at 5.)

The good faith conferral requirement in the Local Rules is stricter than Rule 37's good faith conferral requirement. Rule 37(a)(1) requires the moving party to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Thus, while an attempt to confer does not satisfy Local Rule 3.01(g), an attempt to confer may satisfy Rule 37(a)(1) if it is made in good faith. Also, nothing in Rule 37(a)(1) suggests that the parties must confer in person or by telephone.

Judge Spaulding chose to excuse Plaintiff's noncompliance with Local Rule 3.01(g) because the motion was ripe for resolution and the record reflected that multiple conferences occurred through letter and e-mail. (Doc. No. 53 p. 5.) Plaintiff sent Defendant an e-mail on August 13, 2008, seeking to resolve the parties' dispute regarding the discovery issues later raised in its motion to compel.[5] (Doc. No. 45 Ex. H.) Defendant responded to Plaintiff's e-mail on August 25, 2008, agreeing to some of Defendant's requests and objecting to others. (*Id.* at Ex. I.) Plaintiff attempted to resolve the remaining disputes in its response to Defendant on August 27, 2008. (*Id.* at Ex. J.) Finally, Plaintiff e-mailed Defendant on September 21, 2008, attempting to resolve these issues before filing a motion

---

[5] In its correspondence with Defendant, Plaintiff never addressed any issues relating to documents Defendant asserted were protected by privilege. For this reason, Judge Spaulding denied Plaintiff's Motion to Compel as it pertained to these documents. (Doc. No. 53 p. 12.)

to compel.[6] (*Id.* at Ex. K.) Plaintiff resorted to filing its Motion to Compel only after these attempts to resolve the remaining discovery disputes failed.[7]

Plaintiff made a good faith effort as contemplated by Rule 37(a)(1) to resolve the discovery issues before resorting to court action. Thus, Judge Spaulding's decision to consider the motion on its merits, despite its non-compliance with Local Rule 3.01(g), was not clearly erroneous. Nothing in this Order is intended to suggest that the parties should continue to disregard the Local Rules. Instead, the Court echoes Judge Spaulding's admonition that the parties comply in the future with the Local Rules and the Case Management and Scheduling Order. (Doc. No. 53 pp. 5-6.) Finally, the Court, exercising its discretion, rejects Plaintiff's request for an award of reasonable attorneys' fees to compensate it for responding to Defendant's appeal.

Based on the foregoing, it is **ORDERED** as follows:

The Magistrate Judge's Order (Doc. No. 53), filed November 20, 2008, is AFFIRMED.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 18 , 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

*(signature)*
ANNE C. CONWAY
United States District Judge

---

[6] In his September 21, 2008 letter, Plaintiff's counsel also referenced a telephone conversation he had with an associate of Defendant's counsel, which was related to resolving the remaining discovery issues between the parties. (Doc. No. 45 Ex. K.)

[7] In its Motion to Compel, Plaintiff included a certification that it had conferred or attempted to confer in good faith with Defendant. (Doc. No. 45 p. 2.) Plaintiff also included a detailed description of the discovery requests it sent to Defendant, Defendant's responses and objections, and the parties' prolonged effort to resolve the issues raised in its Motion to Compel. (*Id.* at 2-5.)