**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KNIGHT'S ARMAMENT COMPANY,
a Florida sole proprietorship,

    Plaintiff,

v.                                             CIVIL NO. 6:07-CV-1323-ORL:22KRS

OPTICAL SYSTEMS TECHNOLOGY,
INC., a Pennsylvania corporation,

    Defendant,
_____ /
OPTICAL SYSTEMS TECHNOLOGY,
INC., a Pennsylvania corporation,

    Counterclaimant,

v.

KNIGHT'S ARMAMENT COMPANY,
a Florida sole proprietorship and
C. REED KNIGHT, JR.

    Counterclaim-Defendants.
_____ /

### OPTICAL SYSTEMS TECHNOLOGY, INC'S FIRST SET OF INTERROGATORIES TO KNIGHT'S ARMAMENT COMPANY

TO:   Plaintiff/Counterclaim-Defendant Knight's Armament Company, by and through its counsel of record, Travis R. Hollifield, HOLLIFIELD LEGAL CENTRE, 147 E. Lyman Ave., Ste. C, Winter Park, Florida 32789, and Brian S. Steinberger, LAW OFFICES OF BRIAN S. STEINBERGER, P.A., 101 Brevard Ave., Cocoa, Florida 33922.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant/Counter-Claimant Optical Systems Technology, Inc. ("Defendant" or "OSTI"), by and through its undersigned counsel, hereby serves its First Set of Interrogatories to Plaintiff/Counterclaim-

Defendant Knight's Armament Company ("Plaintiff" or "KAC"), to be answered in writing, separately and fully by KAC.

## I.

## INSTRUCTIONS

1. You should answer each of the following interrogatories separately, in writing and under oath, and submit them to counsel for OSTI on or before thirty (30) days after service of such interrogatories. When any word defined in Section II is used in a discovery request, please refer to its definition as given in that section for its meaning, unless otherwise specifically limited by the language or context of the specific discovery. If you believe that any terms are vague and/or ambiguous, please call OSTI's counsel to discuss same.

2. Unless otherwise indicated, the use in these discovery requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, attorneys and all other persons acting on behalf of the subject party, person or business organization.

3. For purposes of interpreting or construing the scope of these discovery requests, all terms shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited by the language of an individual request. This includes, without limitation, the following:

    (a) Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive;

    (b) Construing the singular form of the word to include the plural, and the plural form to include the singular;

    (c) Construing the masculine to include the feminine and, *vice versa*; and

    (d) Construing the term "including" to mean "including but not limited to."

4. When these interrogatories require that you identify a communication, if any part of the communication was written, identify the document or documents that refer to or evidence the communication and, to the extent that the communication was not transcribed or written, identify the date and time when the unwritten communication occurred, the place where the communication occurred, a narrative statement of the subject matter of the communication, and the identity of each person who was a party to the unwritten communication.

5. If any documents identified in your answers to these interrogatories are no longer in your possession, custody or control because of destruction, loss or any other reason, then please follow the instructions in sub-parts (a) - (e) below for each document:

    (a) describe the nature of the document (e.g., letter or memorandum);

    (b) state the date of the document;

    (c) identify the person(s) who sent and received the original or any copy of the document;

    (d) state in detail the contents of the document; and

    (e) state the manner and date of disposition of the document and, without limitation, describe what disposition was made of it, the person responsible for making the decision regarding the disposition, and the person responsible for carrying out the disposition.

6. These discovery requests are intended to be continuing in nature. In the event that any information or material comes to your attention, possession, custody or control, or the attention, possession, custody or control of your associates or your attorneys, subsequent to the filing of your response(s), which material or information is responsive to any discovery request, you are required to furnish said additional information or material to the opposing attorney as soon as possible or, otherwise, as required by Rule 26(e) of the Federal Rules of Civil Procedure or the applicable law.

6. In each instance where you deny knowledge or information sufficient to answer a discovery request, please set forth the name and address of each person, if any, who is known by you to have such knowledge.

7. In each instance where you answer a discovery request on information and belief, please set forth the basis for such information and belief.

8. In each instance you choose to answer a discovery request by referring to a specific document or record, please provide sufficient detail to permit the requesting party to readily locate and identify the document(s) from which the answer is to be ascertained.

9. It is requested that all documents or information and/or other data compilations (including electronically stored information) that might have impact on the subject matter of this litigation, including information and documents responsive to these discovery requests, be preserved and that the responding party immediately cease any ongoing process of removal, discarding and/or destruction of such information and documents.

10. Unless otherwise specified in the specific discovery request, the relevant time period is January 1, 1996, to the present.

## II.

## DEFINITIONS

1. The term **"Documents"** is used in the broadest sense and includes, but is not limited to, originals and any non-identical copies or reproductions of any written or recorded matter or electronic data, whether printed, reproduced by any other mechanical or electronic process, or handwritten, including, but not limited to, drafts of any documents, revisions of drafts of any documents, and original or preliminary notes concerning drafts of any documents, books, accounts, journals, correspondence, memorandum, letters, reports, agreements, communications

(including inter- and intra-office and inter- and intra-company communications), e-mails, Internet communications, telegrams, telexes, cables, indices, pictures, blueprints, sketches, plans, drawings, diagrams, projections, bulletins, advertising literature, brochures, pamphlets, circulars, codes as well as other devices to decipher abbreviations or other notations, computer printouts, analytical records, memoranda, summaries, diaries, forecasts, photographs, photocopies, recordings, tape recordings, motion picture films, graphs, note charts, notebooks, charts, minutes, notes or recordings of meetings, documents distributed at, generated for or as a result of meetings, lists of persons attending meetings, records, notes, reports and/or summaries of interviews, conversations, telephone calls, conferences, investigations or negotiations, opinions or reports of consultants, appraisals, press releases, newspaper articles, mailing lists, contracts, agreements, drafts, notes, marginal comments appearing on or affixed to any document, calendars, day-timers, datebooks, messages, letters of credit, financial statements, invoices, statements of account, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or lien, loan agreements, credit and debit memoranda, cancelled checks and drafts (both front and back), check stubs, securities ledgers, and any other papers or writings of any character or description, including, but not limited to, any information contained in any computer or information retrieval device, and electronically stored data.

2.  The terms **"Communication"** or **"Communicate"** includes any transfer or exchange between two or more persons of any information, whether by written, electronic, computer or oral means, including, but not limited to, personal conversations, meetings, telephone calls, correspondence, e-mails, Internet communications, telegrams, telexes, cables, memoranda, and any other understandings between two or more people.

3. The term **"Person"** includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity. A reference to any person or entity shall include, when applicable, its parent and subsidiary companies, partners, general partners, limited partners, joint venturers, controlled persons, controlling persons, shareholders, officers, directors, employees, servants, agents, representatives, principals, privies or other persons acting on its behalf.

4. The terms **"Relating," "Relate," "Concern"** or **"Concerning"** means referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, of the subject matter of the request.

5. The term **"Ownership"** or **"Owner"** means having any legal or equitable right or interest in any form of property, including dominion, title or proprietary rights in the property.

6. The term **"Relationship"** refers to any relationship, arrangement, relation, affiliation, alliance, association or affiliated company(ies).

7. The terms **"KAC"** or **"You"** shall mean Plaintiff/Counterclaim-Defendant, Knight's Armament Company, all of its partners, affiliated partnerships, corporations, and other business entities, all of its predecessors, successors and assignees, and all of its present and former officers, employees, agents, attorneys, and authorized representatives, and any other individual or entity retained by or acting on behalf of any of the above.

8. **"OSTI"** shall mean Defendant/Counter-Claimant Optical Systems Technology, Inc.

9. The term **"Night Vision Devices"** shall mean clip-on in line night vision sights for use with daylight scopes on military rifles for military and law enforcement use.

10. **"Licensees"** shall mean all persons or business entities which are licensed by KAC to use any mark as a trademark or service mark with respect to goods and/or services.

11. **"Subject Marks"** shall mean the following trademarks "UNS," "Universal Night Sight," "Magnum Universal Night Sight," "MUNS," "Dualband Universal Night Sight," "DUNS," "Knightscope," "Universal Knightscope," and "UKS."

### III.

### INTERROGATORIES

**INTERROGATORY NO. 1:**
Describe when and how KAC claims to have first developed the Night Vision Devices, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**


**INTERROGATORY NO. 2:**
Describe when and how KAC began advertising for sale the Night Vision Devices, including the first date Plaintiff advertised a Night Vision Device for sale under any mark (including any mark that is the same or similar to any of the Subject Marks) and to whom the advertisements were directed, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**


**INTERROGATORY NO. 3:**
Identify the dollar amount KAC has spent in developing and marketing the Night Vision Devices from January 1, 1996 to present, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**


**INTERROGATORY NO. 4:**
Identify all revenues generated or received by KAC from the manufacture, sale, or distribution of the Night Vision Devices bearing the Subject Marks from January 1, 1996 to present, and identify any documents or information relied upon or otherwise supporting your answer. Please specify revenues by each respective Subject Mark.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify KAC's total sales of the Night Vision Devices from January 1, 1996 to present, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**

**INTERROGATORY NO. 6:**
Describe when and how KAC claims it came to adopt the names "UNS," "UNIVERSAL NIGHT SIGHT," "KNIGHTSCOPE," "UNIVERSAL KNIGHTSCOPE," and "UKS" for the Night Vision Devices, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**

**INTERROGATORY NO. 7:**
Describe when and how KAC claims it developed: (1) the image tube mounting, (2) the focusing mechanism, (3) tolerances, and (4) materials for the housing for the Night Vision Devices, including identification of the individuals responsible for the design of the image tube mounting, when such design was developed, and what factors prompted such design, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**

**INTERROGATORY NO. 8:**
Describe when and how KAC claims it developed: (1) the battery compartment, (2) the electronics compartment, (3) the on/off switch, (4) the focus control, and (5) the lens cover and lens cover tabs for the Night Vision Devices, including identification of the individuals responsible for the design of the battery compartment, when such design was developed, and what factors prompted such design, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**

**INTERROGATORY NO. 9:**
Please describe the exact nature and amount of each category of damages allegedly suffered by KAC as alleged in the Complaint, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**

**INTERROGATORY NO. 10:**
Please identify all witnesses with knowledge or information relevant to the allegations set forth in Plaintiff's Complaint and the defenses asserted in Counter-Defendants' responsive pleading(s) and state the nature and substance of each witness' knowledge and how each witness came by their knowledge.

**ANSWER:**


**INTERROGATORY NO. 11:**
Please identify the facts that support your denial that OSTI's trade dress of its Night Vision Devices has acquired secondary meaning, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**


**INTERROGATORY NO. 12:**
Please identify and describe the respective first use of each Night Vision Device offered under the Subject Marks, including the date, location, person(s) involved, manner of use of the mark, and to whom the products bearing each respective Subject Mark were offered.

**ANSWER:**


**INTERROGATORY NO. 13:**
In OSTI's Requests for Production Nos. 45-49, OSTI asked that KAC produce "[a]ll documents and tangible items relating to, supporting, or otherwise regarding [KAC's] online trademark application, Statement of Use, and/or Declaration for...*including the physical items* depicted in the photographic images filed therein." For each document and tangible item included within these Requests Nos. 45-49 for which you have not produced the original, please explain what happened to the original, and include all factual support regarding your allegation that any respective original document or item was lost, stolen, misplaced, sold, or displaced from KAC's possession, and identify any documents or information relied upon or otherwise supporting your answer.

**ANSWER:**


**INTERROGATORY NO. 14:**
Please identify each person participating in answering these Interrogatories and their respective roles in doing so.

**ANSWER:**

Respectfully submitted,

By: _____
J. Robert Arnett II
Texas State Bar No. 01332900
barnett@munckcarter.com
MUNCK CARTER, P.C.
600 Banner Place
12770 Coit Road
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Telecopier

**TRIAL COUNSEL FOR DEFENDANT OPTICAL SYSTEMS TECHNOLOGY, INC.**

Brian R. Gilchrist
Florida State Bar No. 774065
bgilchrist@addmg.com
Jeffrey S. Boyles
Florida State Bar No. 722308
jboyles@addmg.com
ALLEN, DYER, DOPPELT,
    MILBRATH & GILCHRIST, P.A.
255 South Orange Ave., Ste. 1401
Orlando, Florida 32802
(407) 841-2330 Telephone
(407) 841-2343 Telecopier

**LOCAL COUNSEL FOR DEFENDANT OPTICAL SYSTEMS TECHNOLOGY, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2008, the foregoing document was served on all known counsel of record via first class mail, in accordance with the Federal Rules of Civil Procedure.

Travis R. Hollifield
HOLLIFIELD LEGAL CENTRE
147 E. Lyman Ave., Ste. C
Winter Park, Florida 32789

Brian S. Steinberger
LAW OFFICES OF BRIAN S. STEINBERGER, P.A.
101 Brevard Ave.
Cocoa, Florida 33922

_____
J. Robert Arnett II