# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KNIGHTS ARMAMENT COMPANY,**

        Plaintiff,

-vs-                          Case No. 6:07-cv-1323-Orl-22KRS

**OPTICAL SYSTEMS TECHNOLOGY, INC.; OMNITECH PARTNERS, INC.; KEYSTONE APPLIED TECHNOLOGIES, INC.; PAUL F. MAXIN; and JOHN DOES 1-50,**

        Defendants.

_____

**OPTICAL SYSTEMS TECHNOLOGY, INC.,**

    Counter-claimant/Third Party Plaintiff,

**v.**

**KNIGHTS ARMAMENT COMPANY,**

    Counterclaim Defendant,

**C. REED KNIGHT, JR.,**

    Third Party Defendant.

_____

## ORDER

This cause came on for consideration with oral argument held on January 21, 2009, on the following motion:

> **MOTION:** PLAINTIFF'S RENEWED MOTION TO COMPEL PRODUCTION OF ALLEGEDLY PRIVILEGED AND PROTECTED DOCUMENTS (Doc. No. 62)
>
> **FILED:** December 29, 2008

Plaintiff Knights Armament Company ("KAC") moves for the production of seventeen documents that Defendant Optical Systems Technology, Inc. ("OSTI") withheld based on the assertion of attorney-client privilege, work product protection or both. OSTI opposes the motion. Doc. No. 71. In support of its opposition, OSTI submitted the following: Declaration of J. Robert Arnett II ("Arnett Decl."), Doc. No. 71-2; OSTI's response to request for production, Doc. No. 71-3; OSTI's privilege log served on October 28, 2008, Doc. No. 71-4; and OSTI's supplemental privilege log, Doc. No. 71-5. OSTI also submitted the documents in question to the Court for an *in camera* review with the permission of the Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

KAC served a request for production of documents on OTSI on February 25, 2008. Doc. Nos. 45-4, 45-5, 45-6. Following an agreed extension of time, OSTI responded on April 15, 2008. Doc. No. 71-3. In that response, OTSI objected that certain requests for production sought material that was protected by the attorney-client privilege or work product doctrine. OSTI did not serve a privilege log with its response.

On October 13, 2008, KAC filed a motion to compel production of the allegedly privileged documents. Doc. No. 45. KAC's counsel conceded that he did not confer regarding the need for a privilege log with OSTI's counsel prior to filing the motion, as required by Local Rule 3.01(g). On or about October 24, 2008, OSTI produced its privilege log. Doc. Nos. 47-2, 47-3.

I found that the belatedly produced privilege log and the memorandum in opposition to the motion to compel were insufficient to establish a *prima facie* case of privilege or protection. Doc. No. 53 at 11.[1] In my order, I cited my Standing Order on Privilege Logs (Standing Order), that specifies the type of information that must a privilege log must contain. *See* Standing Order Regarding Privilege Logs, found online at http:www.flmd.uscourts.gov –Judicial Info –Judge Spaulding –Standing Orders. Because it appeared that counsel for the parties had not conferred to determine whether any of the listed documents were even relevant to the issue in dispute, I required counsel to confer in a good faith effort to determine whether the dispute could be resolved.

Thereafter, OTSI acknowledged that all of the withheld documents were relevant. *See* Doc. No. 53 at 11. The parties were unable to resolve their dispute in any other respect.

KAC then filed the present motion in which it argues that OSTI waived any privileges or protections by failing timely to produce a privilege log as required by my Standing Order and Fed. R. Civ. P. 26(b)(5). OSTI responded to the motion, and filed a supplemental privilege log in which it identified six documents not listed in the original privilege log, and withdrew some of its assertions that documents were privileged, relying instead solely on the work product doctrine. It also provided a legend identifying the individuals referred to on the supplemental log, and submitted the declaration of Attorney Arnett as evidence in support of the privileges and protections asserted.

---

[1] With respect to work product claims, I noted that the privilege log did not always identify the anticipated litigation to which a withheld document pertained. With respect to attorney-client privilege claims, I observed that there was no evidence that the attorneys who were also officers of OSTI were acting in legal, rather than business, capacities, and the log was insufficient to determine if each communication was made in confidence. Doc. No. 53 at 12.

At oral argument on the motion, Robert Arnett, OSTI's nonresident counsel, represented that he was not aware of my Standing Order, but acknowledged that his local counsel was aware of it. He proffered that in his home state of Texas, privilege logs are not served unless specifically requested.

## II. ANALYSIS.

The Court cannot reach the question of waiver until it determines whether OTSI has presented *prima facie* evidence that each withheld document was privileged or protected. Accordingly, I will address, first, the validity of the asserted privileges and protections.

### A. Whether the Documents Are Privileged.

The federal law of privilege applies to all claims in a federal question case. *See Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992). A claim of attorney-client privilege requires proof of the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings 88-9 (MIA)*, 899 F.2d 1039, 1042 (11th Cir. 1990)(citations omitted).

The burden of establishing the application of the attorney-client privilege rests on the party asserting the privilege. *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987). The privilege extends to communications from an attorney to his client, as well as the reverse. *United States v. Pepper's Steel & Alloys, Inc.*, Nos. 87-1306-CV, 85-0571-CV, 84-1443-CV, 86-1531-CV,

-4-

1991 WL 1302864, at * 3 (S.D. Fla. Mar. 19, 1991). When a corporation is a client, communications between any corporate employee, acting within the scope of his corporate duties, and an attorney for the corporation through which the corporation may obtain legal advice, may be privileged. *See Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981).

"'[T]he protection of the privilege extends only to communications and not to facts. . . . The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication with his attorney.'" *Id.* at 395-96 (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (1962)). Similarly, all communications between an attorney and a client are not privileged. *See In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992). For example, when information is communicated to a lawyer with the intent that the information be publicly disclosed, courts have found that the communications are not intended to be confidential. *See In re Hillsborough Holdings Corp.*, 118 B.R. 866, 869-70 (M.D. Fla. 1990)(citing *In re Grand Jury Proceedings*, 727 F.2d 1352, 1358 (4th Cir. 1984)).

Based on my *in camera* review of the documents, and Attorney Arnett's Declaration, I find as follows:

Privilege Log Doc. No. 1.

The document contains two e-mail communications. The first is between Lloyd Conley, who Arnett avers is general counsel for OTSI, to Edward O'Connor, an attorney with Eckert Seamans, previous counsel for OTSI in filing its applications for registration of its marks and in the consolidated

proceedings before the Trademark Trial and Appeal Board ("TTAB").[2] Doc. No. 71 at 2-3. The second e-mail is from O'Connor to Carol Falsetti, who Arnett avers is also with Eckert Seamans. Ms. Falsetti's name was not disclosed on either privilege log. Review of the document discloses, however, that the communication between Conley and O'Connor was for the purpose of seeking legal advice and the communication to Falsetti was to facilitate the rendition of legal advice. As such, OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 2.

This document is a transmittal e-mail from Paul Maxin, President of OTSI, to William Munck, Cami Boyd, and John Butrus, all of whom are attorneys with Munck Carter, litigation counsel for OTSI in this case. Arnett Decl. ¶ 13. It forwards another email. Arnett avers that "Mr. Maxin forwards selected documents with his comments for the purpose of seeking legal advice." Doc. No. ¶ 13. Review of the transmitted document reflects that it is related to legal advice being sought in the present case. As such, OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 3.

Once again, this document contains two e-mail communications, the first from Maxin to Conley, and the second from Conley to Munck. The email contains attached documents furnished to Munck expressly for the purpose of seeking legal advice. As such, OTSI has presented *prima facie* evidence that the document is privileged.

---

[2] Current litigation counsel with the Munck Carter law firm became counsel for OTSI in 2006. Doc. No. 71 at 3.

Privilege Log Doc. No. 4.

This document is a memorandum from Mark Willard, an attorney with Eckert Seamans, to Conley. In the memorandum, Willard provides legal advice to OTSI. As such, OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 5.

This document contains two e-mail communications. The first is from Willard and David Radack, a lawyer with Eckert Seamans, and the second is from Conley to Munck. Arnett Decl. ¶16. My review of the document reveals that the purpose of the communications was to seek legal advice. As such, OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 6.

This is a transmittal letter from Willard to Maxin with copies to Conley, O'Connor, Radack and Anna Bornstein, a lawyer with Eckert Seamans, with a fax cover sheet from Conley to Attorney Boyd. Arnett Decl. ¶ 17. The transmittal letter reflects attorney-client communications. Therefore, OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 7.

This is a letter from Attorney Radack to Conley with a copy to Attorney O'Connor. The copy to Attorney O'Conner is not reflected on the privilege log or in Arnett's Declaration. My review of the document confirms that the letter provides legal advice. As such, OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 8.

This document contains two e-mail communications. The first is from Maxin to Attorney Arnett and Conley enclosing an attachment. The second is an e-mail from Arnett to Attorney Boyd and Jennifer Ingram, another attorney with Munck Carter, forwarding the first e-mail and attachment. Arnett Decl. ¶19. The forwarding of the e-mail to Attorneys Boyd and Ingram was not revealed in the privilege logs but is included in Arnett's declaration. *Id.* Arnett avers that the document was sent to him for the purpose of rendering legal advice following a discussion he had with Maxin. Arnett Decl. ¶ 19. Based on this averment, I find that OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 9.

This document contains three e-mail communications. One e-mail communication is from Maxin to Attorney Arnett and Conley forwarding the first e-mail communication. In the second e-mail, Attorney Arnett forwards the first two e-mail communications to Attorneys Boyd and Ingram. Once again, the forwarding of the e-mail to Attorneys Boyd and Ingram is not revealed in the privilege logs, but is disclosed in Arnett's declaration. Arnett Decl. ¶ 20. Arnett avers that the document was sent to him for the purpose of rendering legal advice following a discussion he had with Maxin and Conley. *Id.* Based on this averment, I find that OTSI has presented *prima facie* evidence that the document is privileged.

Privilege Log Doc. No. 10.

This is an e-mail communication from Conley to Attorneys O'Connor and Radack, Maxin, and Gene Pochapsky, who is the vice-president and part owner of OTSI. Arnett Decl. ¶ 21. After

review of the document, I conclude that the communication was for the purpose of facilitating the rendition of ongoing legal services. As such, I find that OTSI has presented *prima facie* evidence that the document is privileged.

### Privilege Log Doc. No. 11.

This is an e-mail communication from Conley to Attorneys O'Connor and Radack, enclosing another document. It appears from review of the document that it was transmitted for the purpose of receiving legal advice. As such, I find that OTSI has presented *prima facie* evidence that the document is privileged.

For the forgoing reasons, I find that Privilege Log Doc. Nos. 1 through 11 are privileged.

**B.    Whether the Documents are Protected by the Work Product Doctrine.**

> The work product doctrine was established by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). This doctrine, now codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, protects from discovery documents prepared in anticipation of litigation or for trial. The rule provides qualified protection to "documents and tangible things . . . prepared in anticipation of litigation or for trial" by or for a party, or by or for a party's representative. Fed. R. Civ. P. 26(b)(3).

*Abdallah v. Coca-Cola Co.*, No. CIV A1:98CV3679RWS, 2000 WL 33249254, at *4 (N.D. Ga. Jan. 25, 2000). The party asserting that a document or information is protected work product has the burden of establishing that the document was prepared or information was provided both (1) in anticipation of litigation and (2) by the party or by a representative of the party. Fed. R. Civ. P. 26(b)(3); *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985); *Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 596, 600 (M.D. Fla. 1990).

Based on my *in camera* review of the documents for which work product has been asserted,[3] I find that Privilege Log Doc. Nos. 12 – 17 each contain the results of trademark research performed by counsel for OTSI "for the purpose of providing legal advice and representation in the TTAB proceedings." Arnett Decl. ¶¶ 23-28. As such, these documents are protected work product.

### C. Whether OSTI Has Forfeited or Waived its Privileges and Protections.

KAC argues that OSTI has waived the attorney-client privilege and work product protection due to the delay in producing its privilege logs and the insufficiency of the logs. OSTI argues that it did not voluntarily waive the privileges and protections, and that Arnett, its nonresident counsel, did not err because he followed the practice of federal courts in Texas that do not require production of privilege logs unless requested. Further, OSTI argues Arnett was without knowledge that this Court required production of privilege logs.

Initially, Rule 26(b)(5) provides in relevant part:

> Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). The United States Court of Appeals for the Fifth Circuit, the circuit in which OTSI's nonresident counsel customarily practices, recognizes that "[i]n complex litigation,

---

[3] I will not address those documents that I have previously found to be protected by the attorney-client privilege.

compliance with Rule 26(b)(5) is 'usually accomplished by submission of a log identifying documents or other communications by date and by the names of the author(s) and recipient(s), and describing their general subject matter . . . .'" *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)(quoting MANUAL FOR COMPLEX LITIGATION (THIRD) § 21.431 (1995)).

While the rule does not state when a privilege log must be served, the 1993 advisory committee notes to Rule 26(b)(5) contemplate that the privilege log will be served at the time that discoverable information is withheld:

> A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.

Fed. R. Civ. P. 34 provides that a response to a request for production of documents, including any objection thereto, must be served within thirty days after service of the request for production. Rule 34(b)(2)(A)-(C). *See also Universal City Dev. Partners, Ltd. v. Ride & Show Engineerings, Inc.*, 230 F.R.D. 688, 694-95 (M.D. Fla. 2005)(adopting the default guideline that a privilege log should be served within the same thirty-day period permitted for responding to requests for production of documents). Similarly, the handbook on civil discovery practice in this Court states that "[w]ithholding materials [based on a privilege or protection] without notice is contrary to Rule 26 and may result in sanctions." Middle District Discovery (2001) at 17, found online at www.flmd.uscourts.gov/Forms/Civil/Discovery_Practice_Manual.pdf (last visited Feb. 9, 2009). These rules do not require that opposing counsel request a privilege log before the duty to describe the withheld documents is triggered.

In order to leave no doubt regarding when a privilege log must be served, in June 2007 I issued a Standing Order Regarding Privilege Logs applicable in each case in which I am the assigned magistrate judge. It provides that "[t]he privilege log shall be served simultaneously with the response to written discovery requests in which information or documents are withheld based on the assertion of a privilege or protection." Standing Order at 3. It also enumerates the information that must be disclosed to describe the withheld. *Id.* at 2. These requirements are consistent with those long required in this district. *See, e.g.*, *Kimbrough v. City of Cocoa*, No. 6:05-cv-471-Orl-31, 2006 WL 1540256, *2 n.4 (M.D. Fla., May 31, 2006). They are also consistent with requirements for privilege logs enunciated by district courts in Texas, OTSI's nonresident counsel's home state. *See, e.g.*, *In re Santa Fe Int'l Corp.*, 272 F.3d at 710; *PYR Energy Corp. v. Samson Resources Co.*, No. 1:05-CV-530, 2007 WL 446025 (E.D. Tex., Feb. 7, 2007).

Even if OTSI's nonresident counsel was not aware of my Standing Order,[4] Rule 26(b)(5) required OTSI to provide a description of the withheld documents that would be sufficient for KAC to assess the privilege and protection claims. OTSI did not produce its first privilege log until October 25, 2008, eight months after the requests for production were served and six months after it served its response asserting objections based on the attorney-client privilege and work product doctrine. It identified six additional documents in its supplemental privilege log, which was not served until November 2008.

---

[4] There is no assertion that OTSI's local counsel was unaware of the Standing Order. Indeed, Arnett concedes in his declaration that his "mistake was in not consulting with local counsel . . . ." Arnett Decl. ¶ 9.

OSTI does not contend that it could not have complied with the requirements of Rule 26(b)(5) and my order more timely. OSTI only withheld seventeen documents, which supports a conclusion that it could easily have produced a privilege log and served it with the objections to the requests for production. Accordingly, the delay in producing the log supports a finding that OTSI waived its privilege and protections.

Even after giving OTSI the opportunity to serve a supplemental privilege log and supporting evidence, the disclosure was incomplete. As noted above, the log did not always indicate each individual who received an allegedly privileged communication. The subject matter and purpose of the communication as indicated in the logs was insufficient until supplemented by Arnett's declaration and *in camera* review of the documents. The Court is not required to review documents *in camera* to determine whether a privilege or protection applies. *See CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 (M.D. Fla. July 20, 1995)(stating an *in camera* review "is not to be used as a substitute for a party's obligation to justify its withholding of documents").

Nevertheless, finding that a party has forfeited or waived privileges and protections is an extreme sanction that I decline to impose in this circumstance. OTSI has now established that the withheld documents are protected or privileged to the extent that they were communications between counsel and clients or work product. However, OTSI has not shown that preexisting business records that were attached to the communications are themselves privileged or protected. *See* attachments to Privilege Log Nos. 1, 2, 8, 9, 11. Accordingly, the motion to compel the production of allegedly privileged or protected documents is **GRANTED** with respect to these attachments, to the extent not already produced, but **DENIED** in all other respects.

### D. Sanctions.

KAC moves for its attorney's fees pursuant to Fed. R. Civ. P. 16(f)(2) and 37(a)(5) for bringing the instant motion. Rule 16(f)(2) mandates that the Court award reasonable expenses, including attorney's fees, incurred because of noncompliance with the Court's pretrial orders, unless the noncompliance was substantially justified or other circumstances make the award unjust. Rule 37(a)(5) mandates that the Court award reasonable expenses, including attorney's fees to the moving party, when the Court grants a discovery motion unless the movant failed to confer prior to filing the motion, the opposing party's objection was substantially justified, or other circumstances make an award of expenses unjust.

There is no dispute that counsel for KAC failed to confer with counsel for OTSI regarding the need for a privilege log before bringing the matter to the Court. As such, sanctions under Rule 37(a)(5) are not appropriate.

There is also no dispute that local counsel for OTSI was aware of the Standing Order, and that nonresident counsel for OTSI failed to confer with his local counsel regarding the method for complying with Rule 26(b)(5) in this Court. OTSI also has not shown that it was substantially justified in failing to produce a privilege log in reliance on local practice in Texas, as cases cited herein indicate that a privilege log is a standard method for complying with Rule 26(b)(5) in federal courts in Texas. OTSI does not cite to other circumstances that make an award of expenses unjust. Accordingly, the request for sanctions under Rule 16(f) is **GRANTED**.

### III. CONCLUSION.

Accordingly, it is **ORDERED** that OSTI shall produce to KAC the attachments to Privilege Log Nos. 1, 2, 8, 9, and 11 on or before February 16, 2009, if these documents have not previously been produced in discovery. OTSI need not identify the privileged communications to which these documents relate.

It is further **ORDERED** that counsel for OTSI and KAC shall confer in a good faith effort to resolve the reasonable expenses, including reasonable attorney's fees, KAC incurred in filing the present motion and attending the hearing on the motion. If the parties are unable to reach agreement on the amount, then KAC shall file a motion for assessment of these expenses, including reasonable attorney's fees, on or before March 6, 2009. The motion for assessment of expenses shall be supported by evidence of the reasonable hourly rate of each professional for whom fees are sought, the reasonable number of hours worked, and the actual expenses incurred. *See Norman v. Hous. Auth.*, 836 F.2d 1292 (11th Cir. 1988).

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE